**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Michael Lee WARREN, Respondent.**

**No. 92–SC–1030–KB.**

Supreme Court of Kentucky.

March 18, 1993.

Barbara S. Rea, Frankfort, for complainant.

Warren N. Scoville, London, for respondent.

## OPINION AND ORDER

STEPHENS, Chief Justice.

This disciplinary matter stands submitted upon the respondent's Notice for Review of the Board of Governors' recommendation

for a six-month suspension, briefs having been filed pursuant to SCR 3.370(6).

Respondent Warren is the County Attorney for Knox County. In May 1991, Warren entered a plea of guilty in United States District Court on four charges of wilfully failing to make federal income tax returns for the years 1985 thru 1988, in violation of 26 U.S.C. § 7203. The federal statute defines the offense as a misdemeanor, and provides a penalty for each count of not more than one year imprisonment and a fine of not more than $25,000, or both. Warren was sentenced to three years' probation, intermittent confinement of four months in the Laurel County jail, and one hundred hours of community service.

The Inquiry Tribunal charged that Warren's criminal offenses constituted illegal conduct involving dishonesty, fraud and deceit, reflecting adversely upon his fitness to practice law, all in violation of DR 1-102(A)(3), (4) and (6) of the Code of Professional Responsibility, which was in effect at the time the offenses were committed.

Warren's defense throughout has been one of mitigation and good character. He has presented evidence that he is a good father and husband, a highly respected and competent professional who has admitted his mistakes, served his sentence, and paid the taxes owed.

After reviewing the record, the Board of Governors voted unanimously to find Warren guilty of violating the disciplinary rules. On the question of the degree of discipline, nine governors voted to recommend a six-month suspension, three for a one-year suspension, and two for a fifty-nine-day suspension. In his brief to this Court, the respondent does not question the issue of guilt of disciplinary violations, but argues that: 1) in view of his "colossal efforts to correct his mistakes," a public reprimand rather than a period of suspension is the appropriate discipline; and 2) any suspension should be limited to his private practice, and should not extend to his duties as County Attorney.

Having reviewed the record, we do not believe that the degree of discipline recommended by the Board of Governors is excessive. Moreover, we believe that suspension from the practice of law necessarily includes suspension from the practice of law in Warren's official capacity as County Attorney.

The Court adopts the decision of the Board of Governors relating to all matters herein.

The respondent, Michael Lee Warren, is adjudged guilty as charged of violation of DR 1-102(A)(3), (4) and (6) of the Code of Professional Responsibility.

The respondent, Michael Lee Warren, is hereby suspended from the practice of law in this Commonwealth for a period of six months from the date of entry of this order.

Pursuant to SCR 3.390, Michael Lee Warren shall, within ten (10) days of the date of entry of this order, notify all courts in which he has matters pending and all clients for whom he is actively involved in litigation and similar legal matters of his inability to represent them, and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly and timely placed in the United States Mail, and the respondent shall simultaneously and in the same manner provide a copy of all such letters to the Director of the Kentucky Bar Association.

The Kentucky Bar Association shall have from the respondent, Michael Lee Warren, recovery of all costs of this proceeding pursuant to SCR 3.450.

All concur, except LAMBERT, J., not sitting.